**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

JEISSON ALIRIO ORJUELA MARIN,
Petitioner,
v.
FERETI SEMAIA, et al.,
Respondents.

Case No. 5:26-cv-04732-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On August 19, 2026, Petitioner Jeisson Alirio Orjuela Marin ("Petitioner") filed a verified Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, against Fereti Semaia, et al. ("Respondents"). (Dkt.1.) On August 28, 2026, Respondents filed an answer in which they state, "[t]he Respondents are not presenting an opposition argument at this time." (Dkt. 9 at 2.) For the reasons that follow, the Court grants the Petition and orders Respondents to immediately release Jeisson Alirio Orjuela Marin (A# 245-036-148) from custody.

## II. FACTUAL AND LEGAL BACKGROUND

Petitioner is a 31 year-old citizen of Columbia. (Dkt. 1 at 2.)

Petitioner was released on an Order of Release on Recognizance ("OREC") on July 4, 2023. (Dkt. 1-1.) The OREC states, "in accordance with section 236 of the

Immigration and Nationally Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions . . .". (*Id.*) No bond was required. (*Id.* at 2.) No finding of danger was made. (*Id.*) No finding of flight risk was made. (*Id.*)

Petitioner was released on the OREC for approximately 1,117 days before ICE detained him. (Dkt. 1 at 2.) Petitioner established a residence in North Hollywood, California. (*Id.*) He obtained a California driver's license. (*Id.*) He filed an application for asylum and withholding of removal with United States Citizenship and Immigration Services. (*Id.*) When the government ordered him to appear at the Application Support Center in Gardena, California, on April 14, 2025, he appeared. (*Id.*) He obtained an individual taxpayer identification number shortly before ICE detained him. (*Id.*) Petitioner has no criminal convictions or pending criminal proceedings. (*Id.* at 11.)

On July 25, 2026, ICE officers arrested Petitioner in Long Beach, California. (Dkt. 1 at 2.) ICE did not identify a single condition of the OREC that Petitioner violated. (*Id.* at 2-3.) The government did not provide Petitioner with notice or a hearing before revoking the OREC. (*Id.* at 3.) Since his arrest, Petitioner has been detained at the Adelanto ICE Processing Center. (*Id.* at 5.)

In the Petition, Petitioner brings five claims for relief: (1) Count One: Fifth Amendment, Procedural Due Process; (2) Count Two: Violation of INA § 236(a), 8 U.S.C. § 1226(a); (3) Count Three: Fifth Amendment, Detention Without Legitimate Purpose; (4) Count Four: Fourth Amendment and 8 U.S.C. § 1357(a)(2), Warrantless Arrest Without Probable Cause; and (5) Count Five: Administrative Procedure Act, 5 U.S.C. § 706(2). (Dkt. 1 at 18-20.) Among the relief Petitioner requests is immediate release from immigration custody. (*Id.* at 22.)

On August 28, 2026, Respondents filed Federal Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer"). (Dkt. 9.) In the Answer, Respondents state, "Respondents are not presenting an opposition argument at this time" and "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious

resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (*Id*. at 2.)

On August 28, 2026, Petitioner filed a reply reiterating Petitioner's claims in the Petition and requesting immediate release from immigration custody. (Dkt. 10.)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

Petitioner's requested relief, among other things, is an order granting the Petition and that Petitioner be released immediately. (Dkt. 1 at 22-23.) In Respondents' Answer, Respondents plainly state, "Respondents are not presenting an opposition argument at this time" and "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Dkt. 9 at 2.) Given Respondents' concession, nothing more need be said. *See Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025)

(construing government's failure to oppose argument raised by habeas petitioner as a concession). Given Respondents' non-opposition and the absence of procedural safeguards accorded to Petitioner in advance of detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be immediately released on the same conditions as prior to detention.

## V. CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner Jeisson Alirio Orjuela Marin (A# 245-036-148) immediately under the same conditions as he was released prior to his re-detention;

(2) Respondents to return all property to Petitioner that was confiscated from him when he was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: August 29, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge